977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PLAZA WEST DENTAL GROUP, Plaintiff-Appellant,
v.
MOUNTAIN STATES TELEPHONE & TELEGRAPH CO., Defendant-Appellee.
 No. 91-35672.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaza West Dental Group ("Plaza West") appeals the entering of summary judgment in favor of Mountain States Telephone & Telegraph Co. ("Mountain Bell") on Plaza West's claim of breach of the implied covenant of good faith and fair dealing. We affirm.
 
 
 3
 Plaza West alleges Mountain Bell's refusal to allow Plaza West to insert stickers into undistributed Yellow Pages after Mountain Bell omitted Plaza West's advertisement constitutes a breach of the implied covenant of good faith and fair dealing.
 
 
 4
 Under Montana law, "every contract, regardless of type, contains an implied covenant of good faith and fair dealing. A breach of the covenant is a breach of the contract." Story v. City of Bozeman, 242 Mont. 436, 450, 791 P.2d 767, 775 (1990). "The conduct required by the implied covenant of good faith and fair dealing is honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." Id. (quoting Mont.Code Ann. § 28-1-211 (1991)). "Thus, a breach of the covenant may be found when the 'discretion conferred by the contract' has been misused to deprive the other party of the benefit of the bargain." Richland Nat'l Bank & Trust v. Swenson, 249 Mont. 410, 420, 816 P.2d 1045, 1051-52 (1991).
 
 
 5
 Plaza West has alleged no facts which show Mountain Bell's refusal to allow "stickering" in the undistributed books was dishonest. Further, the initial failure of Mountain Bell to include Plaza West's advertisement in the Yellow Pages was neither a part of the present claim before this court, nor shown to be dishonest in fact.
 
 
 6
 Likewise, Plaza West failed to allege facts sufficient to show Mountain Bell's refusal to allow stickering was an act outside reasonable commercial standards of fair dealing in this trade. We agree with the district court that although Plaza West alleged facts sufficient to show stickering may have been reasonable in this particular case, it failed to establish Mountain Bell's refusal was a use of "discretion conferred by the contract ... outside of accepted commercial practices." Story, 242 Mont. at 436, 791 P.2d at 775; see, e.g., First Security Bank & Trust of Miles City v. VZ Ranch, 247 Mont. 453, 807 P.2d 1341, 1344-45 (1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3